UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT C. WALKER, *Pro Se*, | ) | Case No.: 1:19 CV 2559 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| NANCY A. FUERST, *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants | ) | AND ORDER |

## I. INTRODUCTION

This matter is before the court on the Complaint of *pro se* Plaintiff Robert Walker brought against Defendants pursuant 42 U.S.C. § 1983 challenging the constitutionality of his conviction in the Cuyahoga County Court of Common Pleas. (ECF No. 1). Plaintiff neither paid the filing fee nor filed a proper application to proceed with this action *in forma pauperis*. Instead, Plaintiff filed an affidavit averring that it is against public policy to pay the filing fee of $400.00. (ECF No. 2).

For the reasons that follow, this action is hereby dismissed.

## II. BACKGROUND

Because Plaintiff did not pay the filing fee or file a proper application to proceed *in forma pauperis*, Magistrate Judge Jonathan Greenberg issued an order requiring Plaintiff to correct the deficiency by either paying the filing fee of $400.00, or completing and filing the application to proceed *in forma pauperis* attached to the order, including a certified prisoner account statement,

within thirty days. (ECF No. 5). The deficiency order warned Plaintiff that failure to fully and timely comply may result in dismissal of this action without further notice. (*Id.*). Rather than comply, Plaintiff responded that the court cannot lawfully require him to comply and he has a due process right to access to the courts. (ECF No. 6).

## III. DISCUSSION

This case is subject to the provisions of 28 U.S.C. § 1915 regarding prisoner *in forma pauperis* civil actions. *See Jackson v. Mich. Parole Bd.,* No. 06-CV-11666, 2006 WL 1452112, at *1 (E.D. Mich. May 24, 2006) (Congress primarily targeted prisoner civil rights cases when it enacted the filing fee provision of the Prisoner Litigation Reform Act ("PLRA").). When a prisoner files a civil rights action, he must pay the filing fee. "'[T]he only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.'" *Jones v. White*, No. 10-15156, 2014 WL 238169, at *2 (E.D. Mich. Jan. 22, 2014) (quoting *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997)). "The Sixth Circuit has...held that the fee requirements of the PLRA do not deprive prisoners their right to access the courts, nor do they deprive the prisoner his right to freedom of expression, equal protection, procedural or substantive due process, or double jeopardy." *McCullough v. Fed. Bureau of Prisons*, No. 13-10282, 2013 WL 2147001, at *2 (E.D. Mich. May 16, 2013) (citing *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997)).

The deficiency order required Plaintiff to comply with the statute's requirements in order to proceed with this action without the full prepayment of fees. *Id.* at *1 ("Submission of [a] sufficient affidavit and a certified trust fund account in accordance with the statute are statutory requirements for proceeding *in forma pauperis*.") (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir.

1997) (overruled on other grounds)). If a prisoner fails to comply with a court's deficiency order, his case is subject to dismissal. *Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004) (affirming district court's dismissal of a prisoner's § 1983 action for want of prosecution for failing to comply with a deficiency order that clearly identified the documentation required and expressly warned that failure to comply may result in dismissal) (citing *McGore,* 114 F.3d at 605) (further citation omitted); *see also In re Prison Litigation Reform Act*, 105 F.3d at 1132 (If a prisoner does not comply with the court's instructions regarding payment of fees or filing for pauper status, the court shall presume the prisoner is not a pauper, assess the fee, and dismiss the case for want of prosecution.); *Hill v. Lucas Cty. Common Pleas Court*, 190 F. Supp. 3d 732, 732 (N.D. Ohio 2016) (dismissing case without prejudice where plaintiff failed to comply with a deficiency order).

In this case, the deficiency order contained specific instructions and attached a copy of the application to proceed *in forma pauperis* for Plaintiff to complete if he was unable to pay the full filing fee. While *pro se* pleadings are held to less stringent standards than pleadings drafted by lawyers, *pro se* litigants are not entitled to leniency with respect to compliance with readily comprehended court orders and deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

The deficiency order warned Plaintiff that failure to fully and timely comply may result in dismissal without further notice. Plaintiff responded, but did not comply. Accordingly, this action is dismissed without prejudice for want of prosecution. *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003) (affirming dismissal of prisoner civil action for want of prosecution for failure to comply with deficiency order notifying plaintiff of the required documents and granting him 30 days to comply).

## IV.  CONCLUSION

For the foregoing reasons, this case is hereby dismissed without prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]          IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

December 9, 2019

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.